Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3576 | **DATE** | 1/22/2001 |
| **CASE TITLE** | Plastic Film Corp. vs. Unipac Inc., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 2/2/01 at 10:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting the Millers' motion to dismiss counts IV and V (14-1) for lack of personal jurisdiction. Their motion to transfer (18-1) and the motion to strike (28-1) are denied as moot. Ruling on these motions set for 1/19/01 was vacated.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 2 2 2001 | 31 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/22/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | JAN 22 PM 3:30 Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PLASTIC FILM CORPORATION OF AMERICA, INC., an Illinois corporation, <br><br> Plaintiff, <br><br> v. <br><br> UNIPAC, INC., a Colorado corporation, d/b/a BINDEX and UNIVEX INTERNATIONAL, NICHOLSTONE, INC., a Delaware corporation, DATA PACKAGING CORPORATION, a Colorado corporation, FREEWOOD PRODUCTS COMPANY, INC., a Texas corporation, DOUGLAS E. MILLER, individually, and ELLEN MILLER, individually, <br><br> Defendants. | No. 00 C 3576 |

## MEMORANDUM OPINION AND ORDER

Plastic Film Corporation of America, Inc. ("PFC"), an Illinois corporation, sues several foreign corporations (the "Miller corporations") and their sole shareholder and officers, Ellen and Douglas Miller. PFC brings claims against the Miller corporations for accounts stated, breach of contract, and unjust enrichment (Counts I to III),[1] and against the Millers individually for fraud and conspiracy to commit fraud (Counts IV and V). All claims arise out of purchase

---

[1] These claims have been stayed due to bankruptcy petitions filed in the United States Bankruptcy Court for the Middle District of Tennessee.

orders by PFC for plastic products from Miller corporations between January 1999 and March 2000. The Millers move to dismiss Counts IV and V for lack of personal jurisdiction, or in the alternative, to transfer venue. I grant the motion to dismiss.

I.

Douglas and Ellen Miller are not residents of Illinois, and neither has had any contact with the state of Illinois in the last five years outside of their duties as officers or directors of the Miller corporations. The Miller corporations are wholly-owned subsidiaries of Information Packaging, Inc., a Colorado corporation with its principal place of business in Denver, of which Mrs. Miller is the sole shareholder and president. Her husband, Douglas, is the CEO of three of the Miller corporations. Counts IV and V allege that the Millers decided to order products from PFC, but agreed with one another that none of the Miller corporations would pay for the orders. PFC alleges that Mr. Miller, with the consent of Mrs. Miller, fraudulently misrepresented the Miller corporations' intent to pay for the orders.

II.

In federal court, the plaintiff bears "the burden of establishing a prima facie case for personal jurisdiction." *Michael J. Neuman & Assocs. Ltd. v. Florabelle Flowers, Inc*, 15 F.3d 721, 724 (7th Cir. 1994). I construe all disputed facts bearing on jurisdiction in the light most favorable to the plaintiffs. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). In a diversity case, I have

personal jurisdiction over a nonresident defendant only if a court in Illinois would have personal jurisdiction. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1358 (7th Cir. 1996). Personal jurisdiction is proper when there are statutory grounds for jurisdiction and when the exercise of jurisdiction would not violate the federal or Illinois constitution. *Central States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). The parameters of jurisdiction under the Illinois long-arm statute, 735 ILCS 5/2-209, are contiguous with the requirements of due process under the United States and Illinois Constitutions. *FMC Corp. v. Varanos*, 892 F.2d 1308, 1310 n.5 (7th Cir. 1990).

A.

The Millers argue that they have insufficient business contacts with Illinois to establish specific personal jurisdiction under the Illinois long-arm statute, but PFC submits the affidavit of John Bittner, its president, alleging that he has had business contacts with Mr. Miller in Illinois. I resolve factual questions about jurisdiction in favor of PFC for the purposes of this motion, but even accepting that Mr. Miller had sufficient contact with Illinois, PFC has not shown that Mrs. Miller had any contacts at all with Illinois. PFC relies instead on the "conspiracy theory of jurisdiction," under which I may assert jurisdiction over non-resident defendants with no contacts to Illinois if they participated in a conspiracy with defendants who do

have contacts. *United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp.2d 904, 912 (N.D. Ill. 1999). It is not enough to "[s]imply alleg[e]" the existence of a conspiracy, however; the party asserting jurisdiction under the conspiracy theory of jurisdiction must:

> (1) make a prima facie *factual* showing of conspiracy (i.e., point to *evidence showing the existence of a conspiracy and the defendant's knowing participation in that conspiracy*); (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum.

*Id.* (emphasis added). The only evidence to which PFC points to support jurisdiction over Mrs. Miller is that Mr. Miller engaged in allegedly fraudulent business transactions in Illinois. PFC offers nothing more than mere allegations of the existence of a conspiracy or any participation in it, however, and this is insufficient to support personal jurisdiction over Mrs. Miller. Moreover, "a civil conspiracy cannot exist between a corporation's own officers or employees." *Van Winkle v. Owens-Corning Fiberglass Corp.*, 683 N.E.2d 985, 991 (Ill. App. Ct. 1997). Ellen and Doug Miller were officers and directors of the same corporations (Complaint ¶¶ 11, 48), so PFC's conspiracy theory is legally impossible, and it cannot form the basis for personal jurisdiction over Mrs. Miller.

B.

Although Mr. Miller argues that he is not subject to personal jurisdiction, he invokes the "fiduciary shield doctrine" in the alternative to defeat jurisdiction over him on the individual claims.

-4-

The fiduciary shield doctrine is a limitation on the reach of the Illinois long-arm statute that protects a non-resident from being haled into court in Illinois in his individual capacity when that person's only contact with Illinois is "by virtue of his acts as a fiduciary of a corporation." *Alpert v. Bertsch*, 601 N.E.2d 1031, 1037 (Ill. App. Ct. 1992). A defendant may not employ the fiduciary shield to defeat jurisdiction when he acts in his own personal interests, as opposed to the interests of his employer or corporation. *Rollins v. Ellwood*, 565 N.E.2d 1302, 1318 (Ill. 1990). The fiduciary shield is an equitable, discretionary doctrine. *Washburn v. Becker*, 542 N.E.2d 764, 766 (Ill. App. Ct. 1989).

Mr. Miller submits a declaration in which he declares that his only contacts with Illinois were in his capacity as an officer and director of the Miller corporations. PFC does not dispute this fact, so I take it as true for the purposes of this motion. PFC suggests that the fiduciary shield is unavailable to "high ranking company officers and shareholders," like Mr. Miller, because they have a personal stake in the financial success of the corporation that employs them. In *Rollins v. Ellwood*, 565 N.E.2d 1302 (Ill. 1990), the Court applied the fiduciary shield doctrine to a non-resident police officer who was acting on behalf of his employer when he allegedly committed the tort in Illinois that was the subject of the lawsuit. *Id.* at 1318. The Court held that because the officer's "conduct in Illinois was a product of, and motivated by, his employment situation and not his

personal interests, we conclude that it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *Id.* The Court went on to say, however, that it was "not persuaded by the argument . . . that asserting personal jurisdiction over an employee who acted in the scope of his employment is justified because the employee is serving his own financial interests when he performs the tasks imposed upon him by his employer." *Id.* The Court relied on the fact that the officer in that case "had little or no alternative besides unemployment when ordered to enter another State to carry out the wishes of his employer." *Id.*

Since *Rollins*, several courts in this district have concluded that the fiduciary shield does not apply to high-ranking corporate officers and directors, at least in particular circumstances. *See, e.g., R-Five, Inc. v. Sun Tui, Ltd.*, No. 94 C 4100, 1995 WL 548633, at *5 (N.D. Ill. Sept. 12, 1995) (Williams, J.) (holding that "as president, board member, and (most importantly) shareholder" of corporation, defendant had personal financial interests that rendered the fiduciary shield inapplicable); *Brujis v. Shaw*, 876 F. Supp. 975, 980 (N.D. Ill. 1995) (Moran, J.) (declining to apply fiduciary shield where individual defendant owned majority of shares of corporation and therefore had personal financial interest); *but cf. Robinson v. Sabis (R) Educ. Sys., Inc.*, No. 98 C 4251, 1999 WL 412642, at *4 (N.D. Ill. May 28, 1999) (Coar, J.) (applying fiduciary shield to general counsel and vice president of corporation where there was no dispute that they acted

solely in their capacity as employees); *Glass v. Kemper Corp.*, 930 F. Supp. 332, 341 (N.D. Ill. 1996) (applying fiduciary shield to director who did not hold substantial amount of stock or exercise discretion over contacts with Illinois); *Perry v. Delaney*, 5 F. Supp.2d 617, 621 (C.D. Ill. 1998) (same). The determinative factor is the individual's status as a shareholder, not merely as an officer or director. Mr. Miller is not a shareholder in the Miller corporations. (Complaint ¶ 11). Although Mrs. Miller is the sole shareholder, I have already held that I do not have jurisdiction over her, and I will not impute jurisdiction to Mr. Miller based on his wife's ownership of stock.

PFC also suggests that the fiduciary shield should not apply because the Miller corporations are insolvent. In *Washburn v. Becker*, the Illinois Appellate Court held that the fiduciary shield should not apply where "the corporation which an individual represents is a 'sham,' in that it lacks sufficient assets to respond in damages to a suit or is the defendant's alter ego." 542 N.E.2d at 766. Not all bankrupt corporations are "shams," and PFC has alleged only that the Miller corporations are bankrupt, not that they are "shams." To the extent that PFC can be understood to argue that the Miller corporations were "alter egos" of the Millers themselves because Mrs. Miller is the sole owner, their argument fails for lack of support. There is no minimum number of shareholders in Illinois, and Illinois courts have recognized the validity of corporations with a single shareholder. *See Alpert*, 601 N.E.2d at 1036. Without more, the fact that a corporation

has only one single shareholder is not proof that the corporation is the "alter ego" of that shareholder. To hold otherwise would nullify the protection of limited liability that incorporation provides. The fiduciary shield doctrine bars jurisdiction over Mr. Miller.

IV.

The Millers' motion to dismiss is GRANTED; their motion to transfer is therefore DENIED AS MOOT.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: January 22, 2001

Copies have been mailed to:

Thomas J. Verticchio
Patzik, Frank & Samotny, Ltd.
150 S. Wacker Drive, #900
Chicago, IL 60606

Attorney for Plaintiff

Lawrence C. Rubin
Shefsky, Froelich & Devine, Ltd.
444 N. Michigan Avenue, #2500
Chicago, IL 60611

Charles A. Valente
Krasnow, Sanberg, Cornblath & Hobbs
500 N. Dearborn Street, 2nd Fl.
Chicago, IL 60610

Attorneys for Defendants